**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Eric John King, )
                Petitioner, )
    v. )
Dora Schriro, et al.,[1] )
                Respondents. )

CV-98-1277-PHX-RCB

<u>DEATH PENALTY CASE</u>

**ORDER**

    Pending before the Court is Petitioner's motion seeking a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. (Dkt. 80.) Petitioner requests, in the alternative, an evidentiary hearing. (<u>Id.</u>) The motion is brought in response to the Court's Order denying Petitioner's second amended habeas corpus petition. (Dkts. 77, 78.)

    Because there has been no trial in this matter, a Rule 59(a) motion for new trial is inappropriate. Instead, the Court treats Petitioner's motion as one brought under Rule 59(e). A rule 59(e) motion is in essence a motion for reconsideration. Motions for reconsideration are disfavored and only appropriate if the court is presented with newly discovered evidence, if the court committed clear error, or if there is an intervening change in controlling law. <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in

---

    [1] Dora Schriro, Director of the Arizona Department of Corrections, is substituted pursuant to Fed. R. Civ. P. 25(d)(1).

1  its original briefs, Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918,
2  925-926 (9th Cir. 1988), nor is it the time to ask the Court to "rethink what it has already
3  thought through," United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998)
4  (quotation omitted). Petitioner's motion fails to satisfy any of the criteria for reconsideration.

5       With respect to Claim 3, alleging prosecutorial misconduct, and Claims 13(A) and
6  (B), alleging ineffective assistance of trial counsel, Petitioner expresses disagreement with
7  the legal and factual conclusions rendered by the Court. In doing so, Petitioner is simply
8  requesting the Court to rethink what it has already decided. Rezzonico, 32 F. Supp.2d at
9  1116.

10       With respect to Claim 5, Petitioner cites Crawford v. Washington, 541 U.S. 36 (2003),
11  to support his argument that his Confrontation Clause rights were violated when the trial
12  court allowed Det. Saldate to testify about Jones's statement. (Dkt. 80 at 8-9.) In Crawford,
13  the Supreme Court held that the Sixth Amendment bars the admission of out-of-court
14  testimonial statements by witnesses who do not appear at trial. Crawford, 541 U.S. at 59, 68-
15  69. Because Jones testified at trial and was subjected to cross-examination, the holding in
16  Crawford does alter this Court's analysis. See id. at 59 n.9 ("we reiterate that, when the
17  declarant appears for cross-examination at trial, the Confrontation Clause places no
18  constraints at all on the use of his prior testimonial statements").

19       Finally, Petitioner contends that he is entitled to a new trial or an evidentiary hearing
20  based upon "newly discovered" evidence in the form of the medical records of Petitioner's
21  father. (Dkt. 80 at 10-12.) According to Petitioner, this evidence supports his allegation, set
22  forth in Claim 13(C), that counsel performed ineffectively at sentencing by failing to present
23  mitigation evidence relating to a background of mental illness in Petitioner's family. The
24  Court disagrees. As the Court previously noted, trial counsel moved for an order requiring
25  disclosure of the psychiatric records of Petitioner's father from the Arizona State Hospital
26  (ROA 147a-147b), and the trial court granted the motion (ROA 147c). Moreover, in his
27  evaluation of Petitioner the defense's mental health expert, Dr. McMahon, indicated that he

28

1  had reviewed the State Hospital records of Petitioner's father. (ROA-PCR 292, Attach. 3 at
2  1.) These are the records Petitioner now presents to the Court as newly discovered and
3  supportive of his IAC claim.[2] Because they are neither, Petitioner's motion for
4  reconsideration, or for an evidentiary hearing, is denied.[3]

5  Accordingly,

6  **IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration. (Dkt.
7  80.)

8  DATED this 25th day of July, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

---

[2]  If Petitioner were to contend that these are different records than those reviewed by Dr. McMahon, he has nevertheless failed to explain why they could not have been obtained, along with the records Dr. McMahon did review, during the state court proceedings. See 28 USC § 2254(e)(2). Nor does Petitioner provide a satisfactory explanation as to why the records were not pursued during these habeas proceedings at some point prior to 2005.

[3]  The records indicate that in 1967 and 1968 Petitioner's father, approximately 70 years old at the time, was committed to the State Hospital after behaving irrationally following his mother's death and again after threatening his sister. (Dkt. 80, Ex. A.) Dr. McMahon described these incidents in his report. (ROA-PCR 292, Attach. 3 at 1.) Petitioner's father was diagnosed with "adjustment reaction of late life with some presenile psychotic symptoms." (Dkt. 80, Ex. A.) The records describe him as "cooperative and pleasant," "neat, clean, oriented in three spheres," and indicate that he "responded appropriately to all questions." (Id.) His doctor, stating that the patient "is surely not psychotic," recommended a complete discharge and restoration to competency so that he could manage his own affairs. (Id.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -