Jon M. Sands
Federal Public Defender
Michael L. Burke (Arizona Bar No. 013173)[1]
Assistant Federal Public Defender
Keith J. Hilzendeger (Arizona Bar No. 023685)
Research & Writing Specialist
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
keith_hilzendeger@fd.org
Telephone: (602) 382-2816
Facsimile: (602) 889-3960

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric John King, | No.  CV 98-01277-PHX-RCB |
| Petitioner, | MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| vs. | |
| Charles L. Ryan, et al.,[2] | **DEATH PENALTY CASE** |
| Respondents. | |

    Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Petitioner Eric John King, by and through counsel, respectfully requests that this Court grant him relief from its judgment entered on June 23, 2006. *See* Dkt. 78.[3]  Specifically, Mr. King submits that the Court committed a grossly negligent error in its denial of Claim Seven of Mr. King's Second Amended Petition for Writ of Habeas Corpus.

---

    [1]Mr. Burke is counsel of record for Mr. King.

    [2]Charles L. Ryan is substituted for his predecessor, Dora B. Schriro, as Director of the Arizona Department of Corrections, pursuant to Fed. R. Civ. P. 25(d).

    [3]Throughout this motion and the accompanying memorandum, "Dkt. No. ___" will refer to items entered on this Court's docket and "DA Dkt. No. ___" will refer to items entered on the docket of the Arizona Supreme Court on direct appeal and in subsequent proceedings.

1   This motion is based on the attached Memorandum of Points and Authorities, all

2   pleadings and exhibits on file herein, and the entire state-court record in this case.

3        Respectfully submitted this 8th day of June, 2009.

4                                    Jon M. Sands
                                     Federal Public Defender
5                                    Michael L. Burke
                                     Assistant Federal Public Defender
6

7                                    By s/Michael L. Burke
                                        Counsel for Petitioner
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Jon M. Sands
    Federal Public Defender
2   Michael L. Burke (Arizona Bar No. 013173)
    Assistant Federal Public Defender
3   Keith J. Hilzendeger (Arizona Bar No. 023685)
    Research & Writing Specialist
4   850 West Adams, Suite 201
    Phoenix, Arizona 85007
5   michael_burke@fd.org
    keith_hilzendeger@fd.org
6   Telephone: (602) 382-2816
    Facsimile: (602) 889-3960
7

8              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF ARIZONA
9

10  Eric John King,                           No.  CV 98-01277-PHX-RCB

11              Petitioner,                    MEMORANDUM IN SUPPORT OF
                                               MOTION FOR RELIEF FROM
12        vs.                                  JUDGMENT PURSUANT TO
                                               RULE 60(b)(6) OF THE FEDERAL
13  Charles L. Ryan, et al.,                   RULES OF CIVIL PROCEDURE

14              Respondents.                   **DEATH PENALTY CASE**

15

16

17            **MEMORANDUM OF POINTS AND AUTHORITIES**

18        In the course of reviewing the record of the proceedings in this case, counsel

19  for Mr. King have uncovered a troubling error in this Court's order denying Mr. King

20  habeas relief.  This Court ruled that Claim Seven in Mr. King's § 2254 petition was

21  unexhausted, when in fact he presented to the Arizona Supreme Court both the factual

22  and legal grounds on which that claim rests.  Mr. King is therefore asking this Court

23  to relieve him from its order of June 23, 2006, denying his habeas petition, and

24  conduct further proceedings as necessary to rule on the merits of Claim Seven.

25                          **RELEVANT FACTS**

26        In affirming Mr. King's death sentence, the Arizona Supreme Court ruled that,

27  as a matter of law, one of the aggravating factors had to be struck.  *See State v. King*,

28  883 P.2d 1024, 1040-43 (Ariz. 1994).  It then had to either reweigh the aggravating

1    and mitigating factors that remained or remand the case to the trial court for

2    resentencing. *See Clemons v. Mississippi*, 494 U.S. 738, 752 (1990). The court chose

3    to reweigh, and purported to do so, but ruled that there was "simply nothing to weigh

4    or balance." *King*, 883 P.2d at 1045. It then affirmed Mr. King's death sentence.

5        Mr. King filed a motion for reconsideration. In that motion, he argued that the

6    Arizona Supreme Court had not carried out its duty under the Eighth Amendment

7    because it "effectively eliminated appellate review of the factual balancing which

8    produced his capital sentence." DA Dkt. 43 at 2. (A copy of the motion for

9    reconsideration is attached to this memorandum as Appendix A.) By its purported

10    "reweighing" of the aggravating and mitigating factors, Mr. King argued, the Arizona

11    court abdicated its obligation to conduct independent appellate review of the death

12    sentence. *Id*. at 6-7. By virtue of the Arizona Supreme Court's "reweighing" process,

13    there had "been no review of the final factual balancing," and hence the sentence was

14    unconstitutional. *Id*. at 8. The State countered that the Arizona Supreme Court "did

15    not commit federal constitutional error by exercising its appellate judgment in

16    upholding the death penalty." DA Dkt. No. 45 at 4. (A copy of the State's response

17    to the motion for reconsideration is attached to this memorandum as Appendix B.)

18    The Arizona Supreme Court denied Mr. King's motion for reconsideration without

19    comment. DA Dkt. No. 46. (A copy of the Arizona Supreme Court's denial of the

20    motion for reconsideration is attached to this memorandum as Appendix C.)

21        After completing state postconviction proceedings, Mr. King sought relief in

22    this Court pursuant to 28 U.S.C. § 2254. Dkt. No. 1. He ultimately filed a Second

23    Amended Petition in which he contended, among other things, that he was entitled

24    to a new sentencing hearing because the Arizona Supreme Court held that there was

25    "simply nothing to weigh or balance" after it "found that one of the three aggravating

26    circumstances found by the trial court was inapplicable." Dkt. No. 26 at 6. He later

27    argued that the Arizona Supreme Court did not comply with its obligations under

28    *Clemons v. Mississippi*, 494 U.S. 738 (1990), and *Stringer v. Black*, 503 U.S. 222

4

1  (1993). *See* Dkt. No. 39 at 5.

2  On September 30, 1998, this Court ordered from the Arizona Supreme Court

3  "a certified copy of Petitioner's entire state court record." Dkt. No. 19 at 1.  On

4  October 29, 1998, the Arizona Supreme Court released a certified copy of its "record

5  on file and docketed in" Mr. King's case. DA Dkt. No. 59.  That record included the

6  motion for reconsideration that Mr. King had filed after the Arizona Supreme Court

7  affirmed his sentence on direct appeal. *See also* Dkt. No. 21 (certification of the clerk

8  of the Arizona Supreme Court, including that court's docket).  That document was

9  before this Court while it was deciding the claims Mr. King had raised.

10  The seventh claim Mr. King raised before this Court involved the same

11  *Clemons* claim that he had raised in his motion for reconsideration before the Arizona

12  Supreme Court.  Respondents insisted that they should not have to answer Mr. King's

13  § 2254 petition until he first affirmatively stated how he had fairly presented his

14  claims to the Arizona courts. *See* Dkt. No. 23 at 2.  Mr. King's Second Amended

15  Petition thus explained that the "Arizona Supreme Court dealt with" the issue

16  presented in Claim Seven "in their Opinion of November 3, 1994." Dkt. No. 26 at 6.

17  Respondents did not defend Claim Seven on the merits in this Court.  Rather, they

18  maintained that Claim Seven was unexhausted because "Petitioner did not file a

19  motion for reconsideration on this issue."[4] Dkt. No. 31 at 9.  In his traverse, Mr. King

20  protested that this issue "was raised before the Arizona Supreme Court." Dkt. No. 39

21  at 5.  In their reply to the traverse, Respondents asserted that Mr. King did not

22  "identify where he presented this issue of the court's failure to reweigh to the Arizona

23  Supreme Court." Dkt. No. 40 at 8.  Mr. King insisted in his surreply to the traverse

24  that a "careful reading of the [Arizona Supreme] Court's Opinion demonstrates that

25

26  _____

27  [4]This assertion is remarkable because it was made by the same Assistant
Attorney General who had responded to the motion for reconsideration before the
28  Arizona Supreme Court.

1  although it recognizes the constitutional need to reweigh, it does not reweigh." Dkt.

2  No. 41 at 8.  Neither Mr. King's counsel nor Respondents pointed to the motion for

3  reconsideration filed on direct appeal as having fairly presented Claim Seven to the

4  Arizona Supreme Court.

5      On September 26, 2000, this Court denied Claim Seven as unexhausted and

6  therefore procedurally defaulted.  It expressly rejected the contention that "this claim

7  was addressed *sua sponte* by the Arizona Supreme Court when it recognized that it

8  had a duty to reweigh the aggravating and mitigating circumstances." Dkt. No. 46 at

9  14.  It reasoned that the proper vehicle for raising this claim under Arizona law is a

10  motion for reconsideration on direct appeal.  *See id*. (citing *Correll v. Stewart*, 137

11  F.3d 1404, 1418 (9th Cir. 1998)).  But it ruled that "Petitioner did not file a motion

12  for reconsideration in the Arizona Supreme Court after it issued its ruling regarding

13  Petitioner's direct appeal."  *Id*. at 15.  Hence, the claim was unexhausted and

14  procedurally barred.  *See id*. (citing Ariz. R. Crim. P. 32.2(a)(3)).  Because Mr. King

15  did not argue cause and prejudice or a fundamental miscarriage of justice, this Court

16  denied Claim Seven as procedurally defaulted.  *Id*.

17      After this Court issued its September 2000 ruling, attorney Dan Maynard, who

18  was representing Mr. King before this Court, asked for an extension of time to file a

19  motion for reconsideration.  Dkt. No. 47.  This Court granted the request, Dkt. No.

20  48, but Mr. Maynard did not file the motion.  Over the next sixty-nine months, until

21  this Court ultimately denied relief, neither the parties nor this Court revisited the

22  erroneous conclusion that Mr. King did not file a motion for reconsideration in the

23  Arizona Supreme Court.  Indeed, in his opening brief to the United States Court of

24  Appeals for the Ninth Circuit, Mr. Maynard continued to assert that Claim Seven was

25  "raised before the Arizona Supreme Court which specifically notes in its Opinion that

26  it has to reweigh."  9th Cir. Reformatted Opening Br. at 53.

27      The Ninth Circuit Court of Appeals affirmed this Court's denial of Mr. King's

28  § 2254 petition.  *See King v. Schriro*, 537 F.3d 1062 (9th Cir. 2008), *cert. denied*, 129

1   S. Ct. 1582 (2009).  On March 31, 2009, the Ninth Circuit granted Mr. Maynard's

2   motion to withdraw and to substitute the Federal Public Defender for the District of

3   Arizona in his place.  Meanwhile, the State of Arizona asked the Arizona Supreme

4   Court for a warrant of execution.  *See* Ariz. Rev. Stat. § 13-759(A).

5        On April 20, 2009, that court continued the State's motion for fourteen days

6   to allow Mr. King to file a successive petition for state postconviction relief.  Mr.

7   King filed a third petition for postconviction relief in the Maricopa County Superior

8   Court on May 4, 2009.  The Arizona Supreme Court denied the State's request for a

9   warrant of execution on May 6, 2009.

10                              **DISCUSSION**

11       A district court may "relieve a party . . . from a final judgment" for any "reason

12  that justifies relief" if the terms for doing so are just.  Fed. R. Civ. P. 60(b)(6).  The

13  party requesting such relief must do so within a "reasonable time."  Fed. R. Civ. P.

14  60(c)(1).  But relief under Rule 60(b)(6) is only available if the moving party points

15  to "extraordinary circumstances justifying the reopening of a final judgment."

16  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

17       In this case, Mr. King asserts two extraordinary circumstances that justify relief

18  from judgment.  First, this Court committed a grossly negligent error when it failed

19  to discern that Claim Seven was in fact fairly presented to the Arizona Supreme Court

20  in a motion for reconsideration on direct appeal.  Second, former habeas counsel for

21  Mr. King failed to independently verify this Court's ruling once this Court committed

22  its grossly negligent error, even though former counsel represented Mr. King in this

23  Court for sixty-nine months after the error occurred and for an additional thirty-three

24  months in appellate proceedings.

25       While it was entertaining Mr. King's § 2254 petition, this Court had all the

26  information it needed to evaluate and correctly determine whether it could review his

27  claims on the merits.  It had ordered the entire state-court record from the Arizona

28  Supreme Court, and the Arizona Supreme Court transmitted that record to this Court.

That record included a copy of the motion for reconsideration that this Court asserted Mr. King did not file.  Mr. King's motion for reconsideration was listed as entry 43 on the docket of the Arizona Supreme Court.  In that motion, Mr. King had argued that the Arizona Supreme Court failed to reweigh the aggravating and mitigating evidence as the Eighth Amendment required it to do once that court struck one of the aggravating factors upon which the trial court had relied to impose the death sentence.  Mr. King presented the factual and legal bases of Claim Seven to the Arizona Supreme Court, and therefore Claim Seven was properly exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam) (exhaustion of legal basis required); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (exhaustion of factual basis required).

This Court's evident failure to review the relevant state court record in Mr. King's case constitutes "extraordinary circumstances" justifying relief pursuant to Rule 60(b)(6).  As the Ninth Circuit Court of Appeals has observed, "A district court's denial of a habeas corpus petition may not be affirmed unless the record on appeal indicates that the court independently reviewed all relevant portions of the state court record." *Chaney v. Lewis*, 801 F.2d 1191, 1193 (9th Cir. 1986) (citing *Johnson v. Lumpkin*, 769 F.2d 630, 636 (9th Cir. 1985); and *Rhinehart v. Gunn*, 598 F.2d 557, 558 (9th Cir. 1979)).  At the very least, before denying a capital petitioner habeas relief, the district court has an independent responsibility to confirm that the basis for its decision to deny a constitutional claim (*e.g.* failure to exhaust the claim by not filing a motion for reconsideration before the state supreme court) is factually accurate.   In this case, the Court failed to satisfy this minimum requirement.

The fact that the parties never alerted the Court to the grossly negligent error it committed only exacerbates the effect of that error.  Mr. Maynard, former habeas counsel, did not render the meaningful assistance required of him, because he failed to independently review this Court's erroneous conclusion that Claim Seven had never been fairly presented to the Arizona Supreme Court.  It would not have been

difficult for Mr. Maynard to do so—all he had to do was inspect the record of the proceedings before the Arizona Supreme Court. Yet in the ensuing eight-and-a-half years, Mr. Maynard never did that.

A thorough examination of the pleadings Mr. Maynard filed on Mr. King's behalf, both in this Court and in the Ninth Circuit Court of Appeals, suggests that Mr. Maynard never knew about the motion for reconsideration filed in the Arizona Supreme Court. Mr. Maynard consistently asserted that the simple fact that the Arizona Supreme Court purported to reweigh the aggravating and mitigating factors was sufficient by itself to fairly present the *Clemons* claim he raised as Claim Seven before this Court. *See* Dkt. No. 26 at 6; Dkt. No. 31 at 5; Dkt. No. 41 at 8; 9th Cir. Reformatted Opening Brief at 53-54. Mr. Maynard may have made the correct argument in favor of exhaustion if he had examined the state-court record. By failing to do so, he did not render meaningful assistance of habeas counsel to Mr. King. *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 813 (9th Cir. 2003) ("meaningful assistance of counsel is essential to secure federal constitutional rights" in habeas proceedings).[5] Indeed, Mr. Maynard's failure to confirm that his client had in fact filed a motion for reconsideration with the Arizona Supreme Court – an act that merely would have required looking in a file – amounted to gross negligence. The Ninth Circuit Court of Appeals has held that, standing alone, gross negligence on the part of an attorney may be sufficient to constitute "extraordinary circumstances" for

---

[5]Mr. Maynard's failure to bring this Court's blatant error to its attention is made even more egregious by the fact that he sought, and was granted, extra time in which to file a motion for reconsideration of this Court's September 2000 procedural ruling. Mr. Maynard never filed the motion for reconsideration he promised in 2000. Nor did he raise the issue in the Rule 59 motion he filed in July of 2006. *See* Dkt. No. 80. His failure to identify this Court's obvious mischaracterization of the state-court record, either before this Court or on appeal, can only be the result of his failure to accord Mr. King the meaningful assistance of counsel to which he was entitled. *See Rohan ex rel. Gates*, 334 F.3d at 813.

1   purposes of granting relief pursuant to Rule 60(b)(6). *Community Dental Services v.*
2   *Tani*, 282 F.3d 1164, 1170 n. 12 (9th Cir. 2002). In this case, Mr. Maynard's gross
3   negligence was compounded by what appears to be this Court's own troubling failure
4   simply even to review the direct appeal record in a capital habeas case.

5                                                   CONCLUSION

6        Relief from judgment under Rule 60(b)(6) is to be "used sparingly as an
7   equitable remedy to prevent manifest injustice." *Harvest v. Castro*, 531 F.3d 737,
8   749 (9th Cir. 2008). In this case it would be manifestly unjust for this Court not to
9   relieve Mr. King from its judgment on Claim Seven. That judgment rested on a
10  grossly negligent error that this Court committed when it ruled that Claim Seven was
11  unexhausted because Mr. King did not file a motion for reconsideration in the
12  Arizona Supreme Court. The equities counsel in favor of relief from judgment,
13  because this Court overlooked an aspect of the state-court record that was easily
14  available to it, and Mr. Maynard did nothing to correct the Court's misapprehension.
15  For the foregoing reasons, Mr. King respectfully requests that this Court grant him
16  relief from its judgment of June 23, 2006, as to Claim Seven; and upon reviewing
17  Claim Seven on its merits, grant the writ of habeas corpus and order the Arizona
18  courts to conduct a new sentencing hearing in this matter.

19       Respectfully submitted this 8th day of June, 2009.

20                                        Jon M. Sands
                                          Federal Public Defender
21                                        Michael L. Burke
                                          Assistant Federal Public Defender
22                                        Keith J. Hilzendeger
                                          Research & Writing Specialist
23

24                                        By s/Michael L. Burke
25                                            Counsel for Petitioner

26

27

28

1

**CERTIFICATE OF SERVICE**

2

On this 8th day of June, 2009, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF system for filing and transmittal

3

of a notice of electronic filing to the following CM/ECF registrants:

4

John Pressley Todd
Assistant Attorney General

5

Office of the Arizona Attorney General
1275 West Washington Street

6

Phoenix, Arizona 85007-2997

7

8

s/Nancy Rangel
Secretary, Capital Habeas Unit

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28