**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric John King, | No. CV-98-1277-PHX-RCB |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| | **ORDER** |
| Charles L. Ryan, et al.,[1] | |
| Respondents. | |

Before the Court is Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 98.) Respondents oppose the motion. (Dkt. 100.) For the reasons set forth herein, the motion is denied.

## BACKGROUND

In affirming Petitioner's death sentence on direct appeal, the Arizona Supreme Court held that the trial court erred with respect to one of the three aggravating factors found at sentencing. *State v. King*, 180 Ariz. 268, 284-287, 883 P.2d 1024, 1040-43 (1994). After striking the factor, the supreme court determined that the case fell within the class of cases where "this court appropriately reweighs rather than remands." *Id.* at 1044. The court then reweighed the remaining aggravating factors and the mitigating circumstances found by the trial court and affirmed Petitioner's death sentence. *Id.* at 1045.

Petitioner filed a motion for reconsideration, arguing that "appellate reweighing

---

[1] Charles L. Ryan, Interim Director of the Arizona Department of Corrections, is substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

violates the Due Process Clause of the Fourteenth and Eighth Amendments of the United States Constitution." (Dkt. 98, App. A at 3.) He argued that reweighing as performed by the Arizona Supreme Court violates the Eighth Amendment because it takes place "without proportionality or conventional appellate review." (*Id.* at 8.) The Arizona Supreme Court denied the motion for reconsideration without comment. (Dkt. 98, App. C.)

In Claim 7 of his amended habeas petition, Petitioner asserted that the Arizona Supreme Court erred in its assessment of the mitigation information. (Dkt. 26 at 6.) He subsequently argued that the Arizona Supreme Court failed to reweigh the aggravating and mitigating circumstances, in violation of *Clemons v. Mississippi*, 494 U.S. 738 (1990), and *Stringer v. Black*, 503 U.S. 222 (1993). (Dkt. 39 at 5.) In their answer, Respondents countered that the claim had not been exhausted in state court because Petitioner did not file a motion for reconsideration with the Arizona Supreme Court. (Dkt. 31 at 9.) In reply, Petitioner did not assert that he had raised the claim in a motion for reconsideration, but contended that the claim was exhausted because the Arizona Supreme Court addressed the issue in its decision affirming the death sentence. (*See* Dkts. 26 at 6, 39 at 5, 41 at 8.)

In an order dated September 26, 2000, this Court dismissed Claim 7 as unexhausted and procedurally defaulted, rejecting Petitioner's contention that "this claim was addressed *sua sponte* by the Arizona Supreme Court when it recognized that it had a duty to reweigh the aggravating and mitigating circumstances." (Dkt. 46 at 14.) The order stated that the proper vehicle for raising the claim under Arizona law was a motion for reconsideration on direct appeal and indicated that "Petitioner did not file a motion for reconsideration in the Arizona Supreme Court after it issued its ruling regarding Petitioner's direct appeal." (*Id.* at 15.)

Counsel for Petitioner sought an extension of time to file a motion for reconsideration of the Court's order. (Dkt. No. 47.) The Court granted the request (Dkt. 48), but Petitioner did not file a motion.

The Court denied Petitioner's amended habeas petition on June 23, 2006. (Dkts. 77,

78.) The Ninth Circuit Court of Appeals affirmed. *King v. Schriro*, 537 F.3d 1062 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1582 (2009).[2] Petitioner acknowledges that on appeal he did not argue that Claim 7 was exhausted by his motion for reconsideration filed in state court. (Dkt. 98 at 6, 9.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances."[3] *Gonzalez v. Crosby*, 545 U.S. 524 (2005). A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has emphasized that the rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103. The United States Supreme Court has noted that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).

---

[2] On March 31, 2009, the Ninth Circuit granted the motion of habeas counsel to withdraw and substituted the Federal Public Defender for the District of Arizona.

[3] A motion under Rule 60(b)(1), which entitles a party to relief based on "mistake, inadvertence, surprise, or excusable neglect," must be brought less than a year after entry of judgment. Respondents contend that the present motion is properly characterized as seeking relief under Rule 60(b)(1). The Court does not reach the issue, having found that Petitioner is not entitled to relief under Rule 60(b)(6).

Petitioner contends that he is entitled to relief pursuant to Rule 60(b)(6) because the Court's dismissal of Claim 7 on procedural grounds was based on an erroneous finding that the claim was not presented in state court when in fact, according to Petitioner, the issue was raised in his motion for reconsideration to the Arizona Supreme Court. (Dkt. 98 at 7.) He contends that this error, along with prior habeas counsel's failure to identify it, constitutes an extraordinary circumstance justifying relief. (*Id.*) The Court disagrees.

First, while neither party referenced Petitioner's motion for reconsideration in their arguments concerning exhaustion, and the Court did not cite the motion in its order, it is evident that the Court's procedural ruling with respect to Claim 7 was correct. In his motion for reconsideration to the Arizona Supreme Court, Petitioner argued that the process of reweighing as practiced in Arizona was unconstitutional because it failed to ensure meaningful appellate review of a death sentence as required by, inter alia, *Gregg v. Georgia*, 428 U.S. 153, 166 (1976); *Proffitt v. Florida*, 428 U.S. 242, 250-51 (1976); *Jurek v. Texas*, 428 U.S. 262, 269, 276 (1976); and *Godfrey v. Georgia*, 446 U.S. 420, 429 (1980). (Dkt. 98, Appx. A at 3-8.) In Claim 7 of his habeas petition, Petitioner, relying on *Clemons* and *Stringer*, argued that the Arizona Supreme Court, in carrying out a constitutionally valid appellate reweighing process, failed to account for the mitigating circumstances found by the trial court. (*See* Dkts. 26 at 6, 39 at 5.) Thus, notwithstanding any factual error in this Court's statement that Petitioner did not file a motion for reconsideration in state court, the Court correctly found that Claim 7 was not presented in state court and was therefore unexhausted and procedurally barred.

Second, even if the Court had erred in finding that Claim 7 was unexhausted, it is a well-established principle that "legal error does not by itself warrant the application of Rule 60(b). . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (internal quotation omitted); *see Cash v. Ill. Div. Of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2004) ("The rule is not an alternate route for correcting simple legal

errors."); *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("a Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion").

The Ninth Circuit has stated, however, that "an exception exists to this general rule: a petitioner may qualify for relief under Rule 60(b) based on a legal error if he can show 'extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.'" *Griffin v. Lindsey*, 345 F.3d 1058, 1063-64 (9th Cir. 2003), *vacated on other grounds as moot*, 349 F.3d 1157 (9th Cir. 2003) (quoting *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)). Petitioner has not demonstrated that extraordinary circumstances prevented or rendered him unable to challenge the dismissal of Claim 7 either before this Court on a motion for reconsideration or on appeal to the Ninth Circuit.

Petitioner acknowledges that the motion for reconsideration filed in state court was accessible as part of the record during the pendency of the habeas proceedings. Nothing prevented Petitioner from discovering the document and arguing (albeit erroneously) that it supported a finding of exhaustion with respect to Claim 7. Contrary to Petitioner's argument, the failure of habeas counsel to make use of the document does not constitute an extraordinary circumstance beyond Petitioner's control which would justify relief under Rule 60(b)(6).[4] *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005) (ineffectiveness of habeas counsel is not a ground for relief under Rule 60(b)(6)); *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005) (same); *cf. Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987) (no right to effective assistance of habeas counsel).

Similar considerations dictate a finding that the pending motion is not timely. Almost nine years have passed since the Court's order on the procedural status of Petitioner's habeas claims. This is a period which cannot be characterized as a "reasonable time" under Rule

---

[4] This is particularly true because, as noted above, the claim raised in the motion for reconsideration states a different basis for relief than Claim 7 of the habeas petition; thus, it is difficult to characterize as ineffective habeas counsel's performance with respect to the procedural status of Claim 7.

60(b)(6).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (Dkt. 98) is **DENIED**.

Dated this 30th day of June, 2009.

_____
Robert C. Broomfield
Senior United States District Judge